Dear Mr. Wall:
You requested an opinion as to whether the provisions of R.S. 44:12 serve to exempt medical records, claim forms, life insurance applications, requests for the payment of benefits and all other health records of employees and dependents enrolled in the State Employees Group Benefits Program pursuant to the provisions of R.S. 42:821, R.S. 42:851, and R.S. 42:871 through 879 from the requirements of R.S. 44:31, 32, 36 and 39.
R.S. 44:12 exempts the specified records from the provisions of the chapter of Title 44 of the Revised Statutes in which it is found. Chapter 1 of Title 44, entitled "Public Records" is separated into two parts. Part I is entitled "Scope," and consists of Sections 1 through 17. Part II is entitled "General Provisions," and consists of Sections 31 through 41. Thus, all of the statutes to which you referred (ie., R.S. 44:12, 31, 32, 36 and 39) fall within Chapter 1 of Title 44 of the Revised Statutes.
One of the most basic tenents of statutory construction is that the clear, unambiguous wording of a legislative enactment is not ignored under the guise of seeking the legislative "intent." Only when the application of the statute would lead to absurd results or directly conflicts with another statutory provision with no other means of resolving the conflict can one legitimately go beyond the clear, unambiguous language to "interpret" the intent of the legislative body.
Consequently, because R.S. 44:12 quite specifically exempts the described records from the provisions of Chapter 1 of Title 44, and because we find no apparent conflicts with other statutory provisions, those records are exempted from the requirements of R.S. 44:31, 32, 36 and 39.
We trust this opinion satisfies your query. Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra